# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  2:22-CR00061-001 |
| Plaintiff, | : | |
| v. | : | JUDGE SARAH D. MORRISON |
| JOSEPH W. DUPAS, JR., | : | |
| Defendant. | : | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files its position concerning the sentencing of Defendant Joseph W, Dupas, Jr. This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report ("PSR") in this case, and any further evidence or argument as may be presented at any sentencing hearing on this matter.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/ *Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
JOSEPH M. GIBSON (0084587)
Special Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail: Elizabeth.Geraghty@usdoj.gov
jmgibson@columbus.gov

1

## I. BACKGROUND

On April 21, 2022, a one count Indictment charging Joseph W. Dupas, Jr. ("Dupas") with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) was returned by the Grand Jury for the Southern District of Ohio. On January 5, 2023, Dupas entered a guilty plea to Count One of the Indictment pursuant to a Rule 11(c)(1)(A) Plea Agreement. (Doc#26).

As set forth in the PSR, the base offense level is 14 because Defendant was a prohibited person at the time he committed the instant offense. U.S.S.G. § 2K2.1(a)(6)(A). Dupas was convicted on July 24, 2018 with Failure to Comply with Order of Signal – Use of Firearm (F3) and Improper Handling of a Firearm in a Motor Vehicle (F4), therefore, he was prohibited from possessing a firearm when he committed the instant offense on September 21, 2021. The offense level is decreased by 2 due to Dupas's acceptance of responsibility and timely notification of a guilty plea for a total offense level of 12. U.S.S.G. § 3E1.1. The PSR correctly calculated that Dupas's past convictions bring his criminal history to category V. Together, this corresponds to a guidelines range of 27-33 months of incarceration. There were no objections to the PSR. With this memorandum, the United States respectfully requests this Court to impose a period of incarceration within the 27-33 month range calculated by probation.

## II. SENTENCING FACTORS

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. This court must also consider each sentencing consideration set forth in Section 3553(a). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines;

(5) any pertinent policy statements;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

***The Nature and Circumstances of the Offense.*** By its very nature, possession of a firearm by a convicted felon is a serious and dangerous offense. In this case, there are few factors that heighten the dangerousness and seriousness of the offense. First, Dupas possessed the loaded firearm and ammunition in an unlocked, unsecured cardboard box. This box was found in the basement of a home that Dupas shared with children, who had easy access to the firearm and could have accidentally or purposefully used it to cause serious injury or death to themselves or others.

Second, a firearm is especially dangerous in the hands of someone with Dupas's criminal history and history of substance abuse. Dupas was convicted of two misdemeanor offenses arising out of domestic violence incidents (PSR ¶¶ 41, 42). Dupas was convicted in 2018 of a serious felony offense, in which he engaged police officers in a high speed chase after they responded to

3

a domestic violence call at a home he shared with the victim. (PSR ¶ 44). Dupas pointed a rifle at the victim and threatened to kill her before fleeing. He was arrested in possession of a rifle. *Id*. Dupas is precisely the type of person in whose hands a firearm is more dangerous.

This Court must consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and therefore should impose a term of imprisonment in this case.

***The History and Characteristics of the Defendant.*** As to the history and characteristics of Dupas, the United States relies on the information learned during the course of the investigation and the facts contained in the PSR. Dupas is 29 years old and was born in Cleveland, Ohio but moved to Columbus 27 years ago. (PSR ¶ 50). Dupas reported that he began drinking alcohol at the age of 13, with daily use beginning at age 25 and reported being a daily marijuana user from ages 13 to 26. (PSR ¶ 70).

Dupas also earned his first conviction at age 15, when he was adjudicated delinquent for assault. (PSR ¶ 38). As an adult, Dupas was convicted of crimes at ages 19, 20, 21, 24 (PSR ¶ ¶ 39-42). The only significant gap in his criminal record is due to his being sentenced to state prison for two years for the high speed chase and firearms offense described above. (PSR ¶44). Dupas was under supervision by the Adult Parole Authority at the time of the instant offense. Three of his five adult convictions involve violent conduct.

***The Need to Afford Adequate Deterrence to Criminal Conduct.*** Here, the need for both specific and general deterrence supports the Government's requested incarceration term. Dupas has a criminal history involving illegally possessing firearms and violent behavior. Dupas has been unsuccessful in prior terms of supervision, including committing the instant offense while on parole and having four statements of bond violation filed while this case was pending.

***The Need to Protect the Public.*** Because Dupas has remained undeterred despite his frequent interactions with the legal system and time incarcerated, a sentence of imprisonment is necessary to protect the public from his further crimes.  Dupas knew he was federally prohibited from possessing a firearm and did so anyway.  In addition to being arrested in possession of a firearm in the instant offense, he had publicized his firearm possession and use on social media while on parole. (DOC #26, PAGEID #68). ).  Moreover, Dupas unsafely stored the firearm he illegally possessed near young children.

***The Guidelines Are Reasonable and Deserve Appropriate Consideration.*** The government's requested sentence of 27-33 months of imprisonment is the guideline range calculated by probation and avoids unwarranted sentencing disparities.  In sum, the United States respectfully submits that this sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing and properly accounts for the 3553(a) factors.

### III. <u>CONCLUSION</u>

For all these reasons, the United States respectfully requests this Court to impose a sentence of incarceration between 27 and 33 months, to be followed by a term of supervised release to be determined by the Court.

    Respectfully submitted,

    KENNETH L. PARKER
    United States Attorney

    s/ *Elizabeth A. Geraghty*
    ELIZABETH A. GERAGHTY (0072275)
    Assistant United States Attorney
    JOSEPH M. GIBSON (0084587)
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    Office: (614) 469-5715
    E-mail: Elizabeth.Geraghty@usdoj.gov
        jmgibson@columbus.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 26th day of April 2023 electronically on counsel of record for the Defendant.

    s/*Elizabeth A. Geraghty*
    ELIZABETH A. GERAGHTY (0072275)
    Assistant United States Attorney